**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**GENARO ALONSO,**

        **Petitioner,**

        v.                                     CASE NO. 07-3128-RDR

**DUKE TERRELL, et al.,**

        **Respondents.**

**O R D E R**

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging error in the computation of his federal sentence. Having reviewed the record which includes respondents' answer and return, the court denies the petition.

Petitioner is serving a federal sentence imposed March 17, 2003 in the Southern District of Texas. He seeks a court order deeming his federal sentence to run concurrent with his 2000 state Texas sentence, and to require the Bureau of Prisons to issue a nunc pro tunc designation of the Texas prison system for service of petitioner's federal sentence.

The record presented by the parties provides the following relevant facts. In 1997, petitioner was convicted in Harris County, Texas, of aggravated assault with a deadly weapon, and received a deferred sentence. In May 2000 he was arrested for noncompliance with his deferred sentence. On June 2, 2000, the Harris County court imposed a four year sentence on the 1997 assault conviction. Petitioner filed an appeal, and his release on an appeal bond was

revoked some three months later when he was arrested in October 2000 in Harris County on drug charges.  The revocation of that appeal bond returned petitioner to state custody for service of his Harris County sentence.

On December 13, 2000, a federal indictment charged petitioner with drug offenses related to conduct underlying his arrest on state drug charges in October 2000.[1]  On December 21, 2000, the United States Marshal Service (USMS) picked up petitioner with a writ of habeas corpus ad prosequendum ordered by the Southern District of Texas to secure petitioner's appearance on the federal indictment.  Petitioner remained in federal custody pursuant to that writ through his conviction and sentencing on March 17, 2003.  The sentencing court remained silent on the issue of whether petitioner's federal sentence was to be served concurrently with petitioner's prior state sentence.

Two weeks later, USMS returned petitioner to the custody of Texas officials for service of the four year Harris County assault sentence.  The Texas Department of Corrections awarded petitioner credit from his arrest on May 10, 2000, and paroled petitioner on July 25, 2003, releasing him to USMS for service of his federal sentence.

The Bureau of Prisons (BOP) computed petitioner's federal sentence as starting that same date, with no credit for any of the time petitioner was held pursuant to the writ, including the two week period following the imposition of petitioner's federal

---

[1]Texas authorities dismissed these pending state drug charges in January 2001.

sentence on March 17, 2003.

In this action, petitioner alleges error in the calculation of his federal sentence. He first contends he was in exclusive federal custody once picked up by USMS in December 2000 because no writ of habeas corpus ad prosequendum had ever issued. The record does not support this contention, as a writ issued from the Southern District of Texas on December 13, 2000.

Alternatively, petitioner contends that even if a writ had issued, federal officials failed to comply with the provisions of that writ by their delay in prosecuting and sentencing petitioner on federal charges, and by not promptly returning petitioner to Texas state officials upon petitioner's sentencing on March 17, 2003. This contention also lacks merit.

When an inmate is subject to both state and federal sentences, as a matter of comity the sovereign that first acquired custody of the defendant is entitled to custody until it exhausts its punishment against the defendant. Ponzi v. Fessenden, 258 U.S. 254, 260-61 (1922). Under this "rule of comity" the second sovereign must "postpone its exercise of jurisdiction until the first sovereign is through with [the defendant] or until the first sovereign agrees to temporarily or permanently relinquish custody." Weekes v. Fleming, 301 F.3d 1175, 1180 (10th Cir. 2002).

On the record presented, Texas had primary jurisdiction over petitioner when it revoked petitioner's appeal bond in October 2000 and held petitioner in state custody for service of his state sentence on the 1997 assault conviction. By issuing a writ of habeas corpus ad prosequendum to gain custody over petitioner in

December 2000 to prosecute him on federal charges and then return him to state custody, the United States established its custody was secondary to Texas. See Binford v. United States, 436 F.3d 1252, 1255-56 (10th Cir. 2006)(determining that state had primary custody over a prisoner when the federal government obtained custody from the state by a writ of habeas corpus ad prosequendum).

The record also clearly reflects that BOP appropriately calculated the start date of petitioner's federal sentence, and properly determined that petitioner's federal sentence was to be served consecutive to his state Texas sentence.

The calculation of a federal sentence is governed by 18 U.S.C. § 3585. The Attorney General is responsible for calculating sentences under this provision and has delegated that authority to BOP. *See* United States v. Wilson, 503 U.S. 329, 334 (1992). Petitioner's federal sentence did not commence until July 25, 2003, when the State of Texas released him to USMS for transport to a federal prison to begin service on his federal sentence. *See* 18 U.S.C. § 3585(a). *See also* Binford, 436 F.3d at 1254-55 (A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose.) Pursuant to 18 U.S.C. § 3584, petitioner's federal sentence was to run consecutively to his prior state sentence unless the federal sentencing court ordered the terms to run concurrently, and no such order was entered in petitioner's federal criminal case.

To the extent petitioner seeks credit on his federal sentence for time in custody before March 31, 2003, the date he returned to Texas, 18 U.S.C. § 3585(b) provides that prior custody credit cannot

4

be granted if the time has already been credited toward another sentence. Here, the State of Texas awarded petitioner credit on his state sentence from May 10, 2000, through April 22, 2003, thus credit on petitioner's federal sentence for any of that period of time is statutorily foreclosed by § 3585(b).

Petitioner next argues the inordinate amount of time he was held pursuant to the writ should constitute federal custody for service of his federal sentence, and cites in support <u>Brown v. Perill</u>, 21 F.3d 1008 (10th Cir. 1994). <u>Brown</u>, however, is easily distinguished on the facts, as the present case involves no allegation of comparable delay between petitioner's arrest and arraignment on federal charges, and no expiration of petitioner's state sentence while in federal custody pursuant to the writ. Nor is the two week delay between the imposition of petitioner's sentence on March 17, 2003, and his return to state custody on March 31, 2003, sufficient to violate or invalidate the writ of habeas corpus ad prosequendum. But more significantly, the sentencing claim in <u>Brown</u> involved application of 18 U.S.C. § 3568, which does not apply to petitioner's sentence.

In the Sentencing Reform Act of 1984 effective November 1, 1987, Congress repealed § 3568 and recodified it at § 3585(b) "[to make clear that a defendant could not receive double credit of his detention time." <u>Wilson</u>, 503 U.S. at 337. Because petitioner's federal offenses were committed after November 1, 1987, § 3585(b) applies to defeat any claim for time credited to petitioner's prior state sentence.

Finally, petitioner challenges BOP's refusal to designate the

5

Texas Department of Corrections for service of petitioner's federal sentence. Although petitioner points to a BOP policy statement that authorizes retroactive designation of a state prison for all or part of a federal sentence,[2] he advances no facts or arguments to support any finding that BOP mishandled his request or abused its discretion in denying petitioner's request for a nunc pro tunc designation.

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Finding petitioner has demonstrated no such violation, the court concludes the petition should be denied.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is denied.

DATED: This 18th day of June 2010, at Topeka, Kansas.

    s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[2] BOP internal Program Statement, "Designation of State Institution for Service of Federal Sentence" (PS 5160.05).